Samuel E. Cooley, Esquire (Cal. Bar No. 308933)
scooley@cooleylegal.com
COOLEY LEGAL
8981 Sunset Boulevard, Suite 104
West Hollywood, California 90069
Telephone: (323) 880-4433

Brittany J. Maxey-Fisher, Esq. (Fla. Bar No. 44586)
bmaxeyfisher@maxeyfisher.com
William R. Brees, Esq. (Fla. Bar No. 98886)
wbrees@maxeyfisher.com
MAXEY-FISHER, PLLC
100 Second Avenue South, Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NST GLOBAL, LLC, d/b/a SB TACTICAL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STRIKE INDUSTRIES; and GARRETT KELLER, an individual,**<br><br>**Defendants.** | **Case No.**<br><br>**PLAINTIFF NST GLOBAL, LLC, d/b/a SB TACTICAL'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, NST Global, LLC d/b/a SB Tactical ("SB Tactical"), hereby alleges the following against Defendants Strike Industries ("Strike") and Garrett Keller, an individual ("Keller", collectively "Defendants"):

## NATURE OF THE ACTION

This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) (federal question) for claims involving the infringement of patents.

2. This Court has personal jurisdiction over the Defendants for the following reasons:

   a. the Defendants have committed and continue to commit acts of infringement and placed goods related to the claims below into the stream of commerce in the State of California, including this District;

   b. Defendants reside in this District;

   c. Strike's principal place of business is in this District; and

   d. the acts of Defendants have caused injury to SB Tactical in this District.

3. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1400(b) for the following reasons:

   a. Strike's principal place of business is in this District;

   b. Defendants reside in this District;

   c. Defendants have committed and continue to commit acts of infringement within this District; and

   d. A substantial part of the events giving rise to SB Tactical's claims

occurred in this District.

## PARTIES

4. SB Tactical is a Florida limited liability company with its principal place of business at 1225 Darlington Oak Circle NE, St. Petersburg, Florida 33703.

5. Strike is a California domestic stock corporation with its principal place of business at 2842 S Fairview Street, Santa Ana, California 92704.

6. On information and belief, Keller is a resident of Santa Ana, California.

7. On information and belief, Keller is the Chief Executive Officer of Strike.

8. On information and belief, Keller oversaw or directed the activities of Strike complained of herein.

## GENERAL ALLEGATIONS

9. SB Tactical is a designer and seller of firearm accessories. As a result of its significant investment in research and development, SB Tactical has developed innovative technologies that have greatly impacted the firearm accessory industry. One such technology is SB Tactical's Stabilizing Brace® branded pistol stabilizers that are used in connection with certain pistols to aid a shooter in supporting a pistol by the shooter's forearm.

10. SB Tactical has protected its innovative designs and technologies through a broad range of intellectual property rights, including utility and design patents. One such utility patent is United States Patent Number 9,354,021 ("the '021 Patent"), which duly and legally issued by the United States Patent and Trademark Office on

May 31, 2016, and names Alessandro Bosco as the inventor. The '021 Patent covers many functions found in stabilizers. A true and correct copy of the '021 Patent is attached as Exhibit A and incorporated herein by reference.

11. The Stabilizing Brace claimed in the '021 Patent attaches to the rear of a handgun so that the handgun may be secured to a user's forearm, via a strap, thereby stabilizing the handgun and improving the user's ability to accurately and safely use the handgun with one hand.

12. The '021 Patent has a total of 5 claims.

13. Independent Claim 1 of the '021 Patent is representative and claims:

> A forearm-gripping stabilizing attachment for a handgun, the handgun having a support structure extending rearwardly from the rear end of the handgun, the forearm-gripping stabilizing attachment, comprising:
>
> a body having a front end, a rear end, an upper portion, a lower portion, and a passage longitudinally extending within said upper portion and at least through said front end of said body, the support structure of the handgun being telescopically receivable by said passage;
>
> said lower portion having at least one flap extending from said upper portion;
>
> a strap connected to said body, said strap securing said at least one flap to a user's forearm when the stabilizing attachment is secured to a user's forearm; and
>
> wherein said passage extends entirely through said body between said front end and said rear end of said body.

14. SB Tactical is the owner of the full right, title, and interest to the '021 Patent.

15. On information and belief, Defendants have and continue to infringe the '021 Patent by making or having made, manufacturing or having manufactured, importing, using, selling, or offering to sell Strike's MPX/MCX Stabilizer ("MPX Stabilizer"), Viper PDW Stabilizer ("PDW Stabilizer"), and Viper AR Stabilizer ("AR Stabilizer") in competition with SB Tactical. The MPX Stabilizer, PDW Stabilizer, and AR Stabilizer will be collectively referred to as the "Accused Products".

16. On information and belief, Defendants market and/or sell the Accused Products throughout the United States, including the state of California, through their business partners and various retailers, including through retail stores, trade shows, company website, company social media, and retail websites.

17. On information and belief, Defendants have been and are inducing infringement of the '021 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Accused Products that embody or use the inventions claimed in the '021 Patent.

18. On information and belief, Defendants have been and are continuing to contributorily infringe the '021 Patent by selling or offering to sell the Accused Products knowing them to be especially made or especially adapted for practicing the invention of the '021 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. On September 13, 2017, Defendants received from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") correspondence related to whether

1  attaching the Accused Products "to an AR-type or other variant pistol would cause the pistol to be classified as a 'rifle' and thus a firearm subject to regulation by the National Firearms Act (NFA), specifically, 26 U.S.C. § 5845(a)" (the "BATFE Letter"). A true and correct copy of the BATFE Letter is attached as Exhibit B.

20. Based on the description provided to the BATFE by Defendants, the Accused Products were described as comprised of three major components: 1. Stabilizer that is designed to be attached to an AR-type pistol (or variant) extension or "buffer" tube; 2. Velcro hook fastener surface attached to stabilizer; and 3. Arm cuff that adheres to the Velcro hook fastener surface on the stabilizer.

21. The following photograph was included as a depiction of the Accused Products submitted to the BATFE:



22. The intended use of the Accused Products provided to the BATFE was "for the user to wear the arm cuff on the operator's arm, using hook and loop fasteners to securely fit the cuff. The stabilizer will use the fixed "hook" surface to attach to the arm cuff's loop surface. This allows the pistol to be more safely operated with one

hand as the cuff can be positioned in multiple positions and can be adjusted for tension. Additionally, the hook and loop system allows the firearm to be lowered from a ready position through its ability to readily disengage from the arm cuff while maintaining safe muzzle direction."

23. Further, Defendants description of the Accused Products to the BATFE stated "that it is intended to increase safety, stability, and control *during one-handed operation* of AR-type pistols and *is neither designed, nor intended for a user to fire a pistol from the shoulder*."

24. The following photographs were included as a depiction of the intended use of the Accused Products submitted to the BATFE:



25. The BATFE Letter described that the Accused Products are accessory attachments "designed to enhance the stability of a pistol <u>by attaching to the operator's forearm</u>."

26. The BATFE Letter notified Defendants that the Accused Products would not "convert that weapon to be fired from the shoulder and would not alter the classification of the pistol. While a pistol so equipped would still be regulated by the GCA, it would not create a 'firearm' as defined by the NFA <u>provided the stabilizer is used as originally designed and intended, and not used as a shoulder stock</u>."

27. On or about September 29, 2017, less than three weeks after receiving the BATFE Letter, Defendants began marketing the Accused Products through social media.

28. On or about January 17, 2018, SB Tactical sent correspondence to Defendants including a claim chart detailing the physical features of the AR Stabilizer that infringe each and every element of at least each independent claim of the '021 Patent (the "January 2018 Correspondence"). A true and correct copy of the January 2018 Correspondence is attached as Exhibit C.

29. Between January 23, 2018 and January 26, 2018, Defendants advertised, marketed, and demonstrated the Accused Products at the popular firearms tradeshow called SHOT Show.

30. On or about May 09, 2018 Defendants posted photographs of the Accused Products purported to be the design of the PDW Stabilizer that was approved for mass

production.

31. On or about June 22, 2018, SB Tactical sent correspondence to Defendants including a claim chart detailing the physical features of the MPX Stabilizer and the PDW Stabilizer that infringe each and every element of at least independent claim 1 of the '021 Patent (the "June 2018 Correspondence"). A true and correct copy of the June 2018 Correspondence is attached as Exhibit D.

32. Between July 26, 2018 and July 29, 2018, Defendants advertised, marketed, and demonstrated the Accused Products at the popular firearms tradeshow Triggrcon.

33. On or about July 31, 2018, Defendants offered the MPX Stabilizer for sale on their website.

34. SB Tactical marks its stabilizer products with the patent number for the '021 Patent in compliance with the Patent statutes.

35. Defendant knew of the existence of the '021 Patent at least as early as its receipt of the January 2018 Letter.

36. Defendants' acts of infringement have been willful and in disregard for the '021 Patent, without any reasonable basis for believing that Defendants had a right to engage in the infringing conduct.

37. SB Tactical is damaged as result of the infringement at least through loss of income from sales, loss of reasonable royalty, damage to reputation, and costs incurred through the enforcement of the '021 Patent.

## **FIRST CLAIM FOR RELIEF**

9

**(Infringement of the '021 Patent – 35 U.S.C. § 271(a))**

38. SB Tactical realleges the averments found in Paragraphs 1 through 37 and incorporates them by reference herein.

39. Upon information and belief, Defendants have been and are infringing the '021 Patent by making and using in the United States, or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271(a).

40. Defendants have displayed the Accused Products attached to firearms on social media and at various firearm trade shows.

41. Use of the Accused Products positioned on firearms by Defendants directly infringes the '021 Patent.

42. Defendants' infringement has been and continues to be knowing, intentional, and willful, evidenced by the January 2018 Correspondence and the June 2018 Correspondence.

43. Defendants' acts of infringement of the '021 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

44. Defendants' acts of infringement of the '021 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

45. This case is exceptional, and thus, SB Tactical is entitled to an award of

attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

### (Induced Infringement of the '021 Patent – 35 U.S.C. § 271(b))

46. SB Tactical realleges the averments found in Paragraphs 1 through 37 and incorporates them by reference herein.

47. Upon information and belief, Defendants have been inducing the infringement of the '021 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import the Accused Products that embody or use the invention claimed in the '021 Patent in violation of 35 U.S.C. § 271(b).

48. Defendants sell the Accused Product for use when attached to the rear of a firearm.

49. Defendants state in the description of the Accused Products that the Accused Products provide support using hook and loop surfaces on either side of the fin for a user-supplied Velcro forearm strap.

50. When attached to the rear of a firearm, the only element not present in the Accused Products as sold and distributed by Defendants is the strap.

51. Defendants advise that users add a strap using the hook and loop fastener system provided with each Accused Product.

52. Defendants anticipate that users will add a strap using the hook and loop fastener system provided with each Accused Product.

53. Some of Defendants' retailers sell the Accused Products to users together with

a strap.

54. The BATFE Letter describes use of the Accused Product with a strap as the intended and legal use of the Accused Product, based on the representations by Defendants.

55. Induced infringement by Defendants has been and continues to be knowing, intentional, and willful, evidenced by the January 2018 Correspondence and the June 2018 Correspondence.

56. Defendants' acts of infringement of the '021 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

57. Defendants' acts of infringement of the '021 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

58. This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

### THIRD CLAIM FOR RELIEF

**(Contributory Infringement of the '021 Patent – 35 U.S.C. § 271(c))**

59. SB Tactical realleges the averments found in Paragraphs 1 through 37 and incorporates them by reference herein.

60. Upon information and belief, Defendants have been and are contributing to the infringement of the '021 Patent by selling or offering to sell the Accused Products,

knowing them to be especially made or especially adapted for practicing the invention of the '021 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

61. Defendant's sell the Accused Product for use when attached to the rear of a firearm.

62. When attached to the rear of a firearm, the only element not present in the Accused Products as sold and distributed by Defendants is the strap.

63. Defendants advise and anticipate that users will add a strap using the hook and loop fastener system provided with each Accused Product.

64. Some of Defendants' retailers sell the Accused Products to users together with a strap.

65. The BATFE Letter describes use of the Accused Product with a strap as the intended and legal use of the Accused Product, based on the representations by Defendants.

66. Upon information and belief, users of the Accused Product use it attached to the rear of a firearm and with the use of a strap as that is the intended and legal use of the Accused Product as stated in the BATFE Letter.

67. Infringement by Defendants has been and continues to be knowing, intentional, and willful, evidenced by the January 2018 Correspondence and the June 2018 Correspondence.

68. Defendants' acts of infringement of the '021 Patent have caused and will

continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

69. Defendants' acts of infringement of the '021 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

70. This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, SB Tactical respectfully requests judgment against the Defendants as follows:

    a. Adjudging that Defendant has infringed, actively induced infringement of, and contributorily infringed the '021 Patent, in violation of 35 U.S.C. § 271(a), (b), and (c);

    b. Ordering Defendants to account for and pay damages adequate to compensate SB Tactical for Defendant's infringement of the '021 Patent, including for any infringing acts not presented at trial, and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

    c. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

    d. Ordering that the damages award be increased up to three times the actual

amount assessed, pursuant to 35 U.S.C. § 284;

e. Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '021 Patent injunction; and

f. Declaring this case exceptional and awarding SB Tactical its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

g. Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SB Tactical, demands a trial by jury of all issues properly triable by a jury.

Dated: September 13, 2018

Respectfully submitted,

s/ Samuel E. Cooley
Samuel E. Cooley, Esquire
COOLEY LEGAL
8981 Sunset Blvd., Suite 104
West Hollywood, CA 90069
Telephone: (323) 504-1941
Email: scooley@cooleylegal.com

-and-

1
2   Brittany J. Maxey-Fisher, Esq.
    William Brees, Esq.
3   MAXEY-FISHER, PLLC
    100 Second Avenue South
4   Suite 401 North
5   St. Petersburg, Florida 33701
    Telephone: (727) 230-4949
6   Fax: (727) 230-4827
7   Email: bmaxeyfisher@maxeyfisher.com
          wbrees@maxeyfisher.com
8         lpg@maxeyfisher.com
9
10  *Counsel for Plaintiff NST Global, LLC*
    *d/b/a SB Tactical*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28